■ In the Matter of the Claim of JAMES P. MCDONALD, Respondent, v. THREE M CONCRETE CONSTRUCTION CORP. et al., Appellants, and LIBERTY MUTUAL INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by the employer and carrier from a decision of the Workmen's Compensation Board, dated February 23, 1962 which reinstated and reaffirmed its prior decision of April 7, 1960. That decision determined the percentage of disability to the claimant resulting from two accidents. The carrier here argues that the board had no authority to reopen a closed case pursuant to subdivision 5-b of section 15 of the Workmen's Compensation Law as there was no proof of any change in condition. We do not determine that the reopening was for the purpose claimed by the carrier nor does the brief of the Workmen's Compensation Board so contend. In fact, the board in its brief concedes that there is no evidence of any change in claimant's condition due to the injuries sustained in his 1950 accident. The board, in its brief, concedes that there is no evidence of any change in claimant's condition due to the injuries sustained in his 1950 case and that the decision appealed from is merely a direction " incidental to an award against another employer and carrier, which (1) reopened a closed case only for further testi-

mony to determine the liability solely of the respondents involved in a subsequent accident; (2) which did not rescind, modify or affect, in any way, the lump sum settlement closing the first case, (3) and which did not make an additional finding of liability against the appellants." Appeal dismissed, with costs to the Workmen's Compensation Board. Gibson, J. P., Herlihy, Reynolds and Taylor, JJ., concur.